**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JESSE GUTHRIE, #M-29282, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 17-CV-1372-NJR |
| | ) | |
| KIMBERLY BUTLER et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

NOW COME the Defendants, KIMBERLY BUTLER, JACQUELINE LASHBROOK (Official capacity only), and MONICA NIPPE, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby file their Answer [Doc. 1], stating as follows:

> I. JURISDICTION
>
> SCANNED AT MENARD and E-mailed
> 12-19-17 by HP  34 pages
> date  initials  No.
>
> Plaintiff:
>
> A. Plaintiff's mailing address, register number, and present place of confinement.
>
> Jesse Guthrie #M29282
> 711, Kaskaskia Lane
> Menard, IL 62259
> Defendant #1: Menard Correctional Institution

**ANSWER: Defendants admit that allegations contained in this paragraph.**

> Defendant #1: Menard Correctional Institution
>
> B. Defendant **Kimberly Butler** is employed as
> (a) (Name of First Defendant)
>
> **Not Known**
> (b) (Position/Title)
>
> with **Illinois Department of Corrections**
> (c) (Employer's Name and Address)
>
> **1301 Concordia court, P.O. Box 19277 Springfield, IL 62794-9277**
>
> At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes ☐ No
>
> If your answer is YES, briefly explain: Defendant Butler was the Warden at Menard Correctional Center with I.D.O.C. at times relevant to this complaint.

**ANSWER: Defendants admit that Plaintiff has identified Kimberly Butler as a Defendant. Defendants admit that Butler was employed by IDOC as a Warden of Menard until September 30, 2016. Defendants deny that Butler is still employed by IDOC. Defendants deny any allegations in this paragraph that they violated Plaintiff's rights and that Defendant Butler was the Warden of Menard during all relevant times to this Complaint.**

> Defendant #2:
>
> C. Defendant **Kent E. Brookman** is employed as
> (Name of Second Defendant)
>
> **Lieutenant**
> (Position/Title)
>
> with **Menard Correctional Institution**
> (Employer's Name and Address)
>
> **711 Kaskaskia lane, Menard, IL, 62259**
>
> At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government? ☒ Yes ☐ No
>
> If you answer is YES, briefly explain: Defendant Brookman was the chairperson to the Adjustment Committee at Menard Correctional Institution with I.D.O.C.

**ANSWER: Defendants admit that Plaintiff has identified Kent E. Brookman as a Defendant. Pursuant to this Court's Order entered on January 30, 2018, Defendant**

2

**Brookman has been dismissed from this action. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in this paragraph.**

Additional Defendant(s) (if any):

D. Using the outline set forth above, identify any additional Defendant(s).

Defendant # 3

E. Defendant Kelly Pierce is employed as Grievance Officer with Menard Correctional Institution 711 Kaskaskia Lane, Menard, IL 62259

At the time claim alleged on this complaint arose was Defendant #3 employed by the state, local or Federal Government? ☒ Yes ☐ No

If your answer is YES, briefly explain: Defendant Pierce was the grievance officer at Menard Correction Institution with I.D.O.C.

**ANSWER: Defendants admit that Plaintiff has identified Kelly Pierce as a Defendant. Pursuant to this Court's Order entered on January 30, 2018, Defendant Pierce has been dismissed from this action. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in this paragraph.**

Defendant #4

F. Defendant Monica Nippe is employed as a counselor with Menard Correctional Institution 711 Kaskaskia Lane, Menard, IL 62259

At the time claim alleged this complaint arose was Defendant #4 employed by the state, local or Federal Government? ☒ Yes ☐ NO

If your answer is YES, briefly explain: Defendant Nippe was the counselor for plaintiff at Menard Correctional Institution with I.D.O.C.

**ANSWER: Defendants admit Plaintiff has identified Monica Nippe as a Defendant in this action. Defendants admit that Nippe was employed as a counselor at Menard during the times relevant to the allegations in Plaintiff's complaint. Defendants deny any allegations in this paragraph that they violated Plaintiff's rights.**

Defendant #5

G. Defendant Jacqueline Lashbrook is employed as Warden with Menard Correctional Institution 711 Kaskaskia Lane, Menard, IL 62259

4

> At the time claim alleged this complaint arose was Defendant #5 employed by the State, local or Federal Government? ☒ Yes ☐ No
>
> If your answer is YES, briefly explain: Defendant Lashbrook is the warden at Menard Correctional Institution with I.D.O.C.

**ANSWER: Defendants admit that Plaintiff has identified Jacqueline Lashbrook as a Defendant in this action. Defendants admit Lashbrook is currently employed by IDOC as the Warden of Menard Correctional Center. Defendants deny any allegations in this paragraph that they violated Plaintiff's rights.**

> Defendant #6
>
> H. Defendant John Doe #1 is employed as Sergeant with Menard Correctional Institution 711 Kaskaskia Lane, Menard, IL 62259
>
> At the time alleged this complaint arose was Defendant #6 employed by the State, local, or Federal Government? ☒ Yes ☐ No
>
> If your answer is YES, briefly explain: Defendant Doe #1 was a sergeant at Menard Correctional Institution with I.D.O.C.

**ANSWER: Defendants admit Plaintiff has identified John Doe #1 as a Defendant in this action. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

5

> Defendant #7
>
> I. Defendant John Doe #2 is employed as Sergeant with Menard Correctional Institution 711 Kaskaskia Lane, Menard, IL 62259
>
> At the time claim alleged this complaint arose was Defendant #7 employed by the state, local or federal Government? ☒ YES ☐ NO
>
> If your answer is YES, briefly explain: Defendant Doe #2 was a Sergeant at Menard Correctional Institution with I.D.O.C.

**ANSWER:   Defendants admit Plaintiff has identified John Doe #2 as a Defendant in this action. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

> Defendant #8
>
> J. Defendant John Doe #3 is employed as Sergeant with Menard Correctional Institution 711 Kaskaskia Lane, Menard, IL 62259

6

> At the time claim alleged this complaint arose. Was Defendant #8 employed by the state, local or Federal Government? ☒ Yes ☐ No
>
> If your answer is YES, briefly explain: Defendant Doe #3 was a Sergeant at Menard Correctional Institution with I.D.O.C.

**ANSWER: Defendants admit Plaintiff has identified John Doe #3 as a Defendant in this action. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

II. PREVIOUS LAWSUITS

    A. Have you begun any other lawsuits in state or federal court relating to your imprisonment? ☐ Yes ☒ No

    B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. Failure to comply with this provision may result in summary denial of your complaint.

        1. Parties to previous lawsuits:
           Plaintiff(s): N/A

           Defendant(s): N/A

        2. Court (if federal court, name of the district; if state court, name of the county): N/A

        3. Docket number: N/A

        4. Name of Judge to whom case was assigned: N/A

        5. Type of case (for example: Was it a habeas corpus or civil rights action?): N/A

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

7. Approximate date of filing lawsuit N/A

8. Approximate date of disposition: N/A

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? ☒ Yes ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes ☐ No

C. If your answer is YES,
   1. What steps did you take?
      I filed 3 seperate grievances about the conditions of my confinement as well as the unlawful deprivation of my rights
   2. What was the result?
      One grievance (exhibit #1) was answered and denied at every stage. The 2 other grievances (exhibit's #2 & #3) were never responded to by the counselor and warden. All ...
      ... were exhausted.

D. If your answer is NO, explain why not were exhausted.
   N/A

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes ☐ No

F. If your answer is YES, N/A
   1. What steps did you take?
      N/A
   2. What was the result? N/A

G. If your answer is NO, explain why not N/A

8

H.  Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not

N/A

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

IV.  STATEMENT OF CLAIM

A.  State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

(1) Defendant's Butler, Brookman, Pierce, Nippe, Lashbrock, and John Does #1-3 violated plaintiffs 8th Amendment rights, to be protected from cruel and unusual punishment, per the United States Constitution.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

(2) Also Defendants Butler, Brookman and Pierce violated plaintiffs 14th Amendment rights of Due Process and equal protection of the Law, per The Constitution of the United States.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

(3) All defendants acted under color of state law at all times relevant to this complaint.

**ANSWER:    Defendants deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants Butler, Lashbrook, and Nippe admit that they acted under color of law in performing their duties as employees of the Illinois Department of Corrections.**

(4) On 5/20/16 plaintiff was removed from General Population in the East Cell House, in Menard to the segregation unit, North 2 Cell house also at Menard. Plaintiff recieved a Disciplinary Report (D.R.) that night. (see ex. #1-A)

**ANSWER:    Defendants, per recorded documentation, admit the allegations contained in this paragraph.**

9

> (5) Upon entry into the segregation cell, plaintiff noticed how significantly smaller the cell was compared to the cells in East Cellhouse. The North 2 cells were around 45-48 ft². when he came from cells that were at the very least 70 ft². Plaintiff also was very aware of the fact that the cell face was completely closed off and covered in rust, contrary to the cells in East Cellhouse that are open front with good airflow and little to no rust or filth.

**ANSWER: Defendants admit that the cells located in the North 2 cell house are smaller in size than the cells in the East Cell House. Defendants deny that the size of the cells violated Plaintiff's constitutional rights. Defendants also deny any allegations in this paragraph that Plaintiff was moved to a cell that was unfit for habitation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

> (6) On 5/23/16 plaintiff plead guilty to Dangerous Contraband, to which Defendant Brockman presided over the Adjustment Committee. Defendant Brockman with the rest of the Adjustment Committee, recommended the following disciplinary action: 1 Year for the following – C Grade, Segregation, Revoke GCC or SGT, Commissary Restriction, Yard Restriction, Gym Restriction, Recreational Restriction and Audio/Visual Restriction. Defendant Butler subsequently made the recommended Disciplinary Action Final on 5/25/16. (see ex # 1-B)

**ANSWER: Per the Court's Order entered on January 30, 2018, the allegations contained in Count 1 of Plaintiff's Complaint challenging the discipline Plaintiff received have been dismissed.**

**With this order in mind, Defendants, per recorded documentation, admit that on May 23, 2016, Plaintiff plead guilty to Dangerous Contraband. Defendants, per recorded documentation, admit Brookman presided over the Adjustment Committee hearing. Defendants, per recorded documentation, admit Plaintiff received the discipline listed in this paragraph and that the discipline was made final on May 25, 2016. Defendants deny that Defendant Butler signed this discipline sheet.**

**Defendants deny that Brockman is a Defendant in this action and deny Plaintiff has a claim related to the discipline Plaintiff received as a result of the May 20, 2016 ticket. Defendants deny violating Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.**

> (7) Plaintiff Filed a grievance challenging the unlawful sanctions of 1 year: Yard Restriction, Gym Restriction, and Recreational Restriction, plaintiff filed his appeal to Defendant Pierce on 6/29/16 (see ex. #1: A-D). Defendant Pierce had the power to remedy the injustice inflicted on plaintiff by Defendants Butler and Brookman, yet Defendant Pierce was Deliberately Indifferent even though plaintiff cited cases and Departmental Directives in support of plaintiff. The Defendant Butler had the power to overrule Defendant Pierce's decision, but she opted to allow the injustices to continue against plaintiff by concurring with Defendant Pierce's Decision. (see ex. #1:C)

**ANSWER:   ANSWER:   Per the Court's Order entered on January 30, 2018, the allegations contained in Count 1 of Plaintiff's Complaint challenging the discipline Plaintiff received have been dismissed.**

**With this order in mind, Defendants, per recorded documentation, admit that Plaintiff filed a grievance challenging the discipline he received and that the grievance was received by his grievance officer on July 13, 2016.  Defendants, per recorded documentation, admit that the grievance was denied.  Defendants deny that Pierce is a Defendant in this Action. Defendants deny violating Plaintiff's rights.  Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.**

> (8) Due to the actions, or inactions, of Defendant's Butler and Pierce, plaintiff remained on yard Restriction, Gym Restriction, and Recreational Restriction.

**ANSWER:   Per the Court's Order entered on January 30, 2018, the allegations contained in Count 1 of Plaintiff's Complaint challenging the discipline Plaintiff received have been dismissed.  With this order in mind, Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations in this paragraph challenging the discipline Plaintiff received. Defendants deny any allegations in this paragraph that they violated Plaintiff's rights.**

> (9) On 5/28/16 c/o Gardner was the Gallery Officer for 4 gallery, where plaintiff resided, and this was the day scheduled for the monthly yard Restriction. When Plaintiff attempted to sign up for yard c/o Gardner told plaintiff that Defendant John Doe #1 had marked plaintiff off as NO yard because plaintiff was under investigation, even though plaintiff had heard his ticket and the Chief Administrative Officer made decision Final days prior.

**ANSWER:   Defendants deny any allegations in this paragraph that they violated Plaintiff's rights.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

11

> (10) Then on 6/24/16 c/o Chitty was working as the Gallery Officer for 2 gallery, where plaintiff resided, and this was the day scheduled for Yard Restriction. When plaintiff attempted to sign up for yard c/o Chitty laughed and said "yea, You're not going!" When plaintiff stated that it was Yard Restriction Day, c/o Chitty stated that Defendant John Doe #2 had marked plaintiff off as no yard.

**ANSWER:** Defendants deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (11) Then on 7/29/16 c/o Meade was the Gallery Officer on 2 gallery, where plaintiff resided, this was the day scheduled for the monthly Yard Restriction Day. When plaintiff attempted to sign up for yard c/o Meade said that plaintiff would not be permitted to attend Yard. When plaintiff inquired why not since it was Restriction Day, c/o Meade stated that it wasn't up to him, that Defendant John Doe #3 had plaintiff marked off as No yard. Plaintiff then wrote a note to Defendant John Doe #3 inquiring about his yard status and then gave it to c/o Meade to give to Defendant. c/o Meade also said that he would make an inquiry to Defendant as well. Plaintiff never got a follow up with c/o Meade or Defendant John Doe #3.

**ANSWER:** Defendants deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (12) on 8/11/16 plaintiff filed another grievance to Defendant Nippe due to him being denied yard on 7/29/16, 6/24/16 and 5/28/16, the scheduled Yard Restriction Days. Defendant Nippe never responded to plaintiff's Grievance. (see ex. #2). At a later date when plaintiff had a face to face with Defendant Nippe, he asked Defendant about his grievance filed on 8/11/16 at which point Defendant said, "You need to stop filing grievances about the same issues with your yard, you're not going out, you're on restriction!" as she walked off.

**ANSWER:** Defendants Nippe denies the allegations contained in this paragraph. Defendants Butler and Lashbrook deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12

(13) Around 8/15/16 plaintiff verbally complained to C/o Hanks (5 day gallery officer for 2 gallery at the time) about plaintiff not being permitted to attend his scheduled yard restriction yards once a month. C/o Hanks said that he'd see what he could do.

**ANSWER:** Defendants deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

(14) On 8/30/16 C/o Hanks was the gallery officer for 2 gallery, where plaintiff resided. C/o Hanks allowed plaintiff to attend yard even though it wasn't the scheduled yard restriction day. He did it because he said on 8/26/16 (Yard Restriction Day) yard was cancelled due to institutional lockdown.

**ANSWER:** Defendants deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

(15) On 9/17/16 plaintiff filed an Emergency Grievance to Defendant Butler concerning the conditions of Confinement, in particular the 100 days between 5/20/16 and 8/30/16 that plaintiff was locked in his cell to which he was only allowed out once a week for a 15 minute shower and if he had a call pass. This grievance also challenged the lawfulness of the extremely too small cells in North 2 Cellhouse as well as the actual conditions of the cell's he had been in. (see ex. #3)

**ANSWER:** Defendants deny the allegations contained in this paragraph.

(16) This grievance was never responded to by Defendant Butler.

**ANSWER:** Defendants deny that Plaintiff filed a grievance.

(17) Due to the actions or inaction by Defendants Butler, Brockman, Pierce, Nippe and John Doe #1-3 plaintiff was subject to being locked in a cell almost exclusively, for 100 straight days without any opportunities for out of cell exercise or ANY meaningful exercise at all due to the plaintiff being locked in a cell roughly 45-48 ft² with no air flow with no room to workout. And then from 8/30/16 to 12/9/16 plaintiffs opportunities were severly restricted for exercise as he was permitted to attend yard only once a month for roughly 2½ hours. On 12/9/16 plaintiff was allowed to attend all yards, since yard restriction was no longer permissable for anyone.

13

**ANSWER:** Defendants deny that Brockman and Pierce are Defendants in this action. Defendants deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (18) When plaintiff attended P.R.B. prior to 12/9/16, he was informed that he was taken off of Yard and Gym Restriction but not Recreation Restriction which didn't change plaintiff's out of cell exercise opportunities.

**ANSWER:** Defendants, per recorded documentation, admit that Plaintiff received a response from the Administrative Review Board, dated February 28, 2017, stating that "this office notes 1 year yard/gym restrictions was deleted." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (19) From 5/20/16 to 12/23/16 plaintiff was celled at all times in a closed front cell with little to no air flow. These cells were roughly 45-48 ft². and at most times from 5/20/16 to 5/19/17 plaintiff was double-celled in these extremely small cells with little room for one person, much less for 2 people.

**ANSWER:** Defendants admit that Plaintiff was double celled during various times between May 20, 2016, and May 19, 2017. Defendants deny all remaining allegations in this paragraph.

> (20) These cells are not only unlawfully too small but the cells are not furnished with any steps or ladders to get in and out of the top bunk. Also most of these cells are covered in rust and unidentifiable filth.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

> (21) In particular from about 6/21/16 to 12/23/16 plaintiff resided in cell ___ in North 2 cellhouse. In this cell plaintiff attempted to clean and sanitize the cell to no avail. The cell was covered in filth that the germicidal and soap and water couldn't clean. The chuckhole where food was passed through had layers of gunk and unidentifiable substances. Then every piece of metal (besides the toilet and sink) was covered in rust and filthy. It was in this cell that plaintiff developed a rash, which was Jock Itch, due to the unsanitary conditions of the cell. Also the toilet was pulled away from the wall about 1½ - 2 inches with an unidentifiable substance/object inbetween the wall and toilet with bugs coming out from the tunnel and from under the toilet where the floor was broken up and spaces for spiders and other bugs were easily seen around the toilet.

**ANSWER:** Defendants, per recorded documentation, admit that Plaintiff was housed in cell 46 in North 2 from June 20, 2016, through December 23, 2016. Defendants deny any allegations in this paragraph that they violated Plaintiff's rights or that Plaintiff's cell was unfit for Plaintiff to live in. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (22) On 12/23/16 plaintiff was moved to 605 after 7 months in cells with closed fronts and filthy. This cell was not covered in rust or filth or have a closed front but it was still too small, at 45-46 ft², and plaintiff was Double celled.

**ANSWER:** Defendants, per recorded documentation, admit that Plaintiff was moved to cell 605 on December 23, 2016. Defendants deny any allegations in this paragraph that they violated Plaintiff's rights or that Plaintiff's cell was unfit for Plaintiff to live in. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (23) The conditions that plaintiff were subject to is atypical and significant to the conditions of everyday prison life. He was subject to be locked away in a cell about 25 ft² smaller than those in East and West house. He wasn't allowed any yard for 100 consecutive days when in population he was recieving 10 hours of yard a week and most other segregation inmates were still getting 7 hours of yard a week. Plaintiff was locked in a closed front cell with little to no air flow for 7 months while no population cells are closed front air manned.

**ANSWER:** Defendants deny any allegations in this paragraph that they violated Plaintiff's rights or that Plaintiff's cell was unfit for Plaintiff to live in. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (24) Plaintiff has suffered from migraines, lethargy, Jock itch, as well as Depression and anxiety due to the unruly conditions he lived in for so long.

**ANSWER:** Defendants deny any allegations in this paragraph that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

> (25) Defendant's Butler and Lashbrook are aware of the unlawful conditions of the cells in North 2 cellhouse and have done nothing to remedy this wrong that plaintiff was subject to from 5/20/16 to 5/19/17. They are also aware that no cells in menard, that have a top bunk, are furnished with a ladder or steps to prevent injuries from getting in and out of the top bunk.

15

**ANSWER:** Defendants deny any allegations in this paragraph that they violated Plaintiff's rights or that Plaintiff's cell was unfit for Plaintiff to live in. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

(1) Plaintiff requests that the court grant the following relief:
(A) Awards for damages as the court sees fit for the actual physical and psychological injuries as well as the constitutional violations, jointly and severly against... Continued on 6(a)

(B) Award punitive damages against defendant's Butler, Brookman, Pierce, Nippe and John Does #1-3.

(C) Order injunctive Relief against Defendant Lashbrook to close down North 2 Cellhouse at Menard and to furnish all cells in menard with steps or ladders for top bunk.

**ANSWER:** Defendants deny the Plaintiff is entitled to any relief whatsoever.

VI. JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

**Defendants request a trial by jury.**

**AFFIRMATIVE DEFENSES**

    **A.    Qualified Immunity**

At all times relevant to Plaintiff's claims, the Defendants acted in good faith in the performance of their official duties without violating clearly established constitutional rights. Defendants are protected from liability by the doctrine of qualified immunity.

16

### B. Eleventh Amendment

The Eleventh Amendment provides sovereign immunity to the States and its employees acting in their official capacity. Because Plaintiff attempts to sue Defendants in their official capacities for monetary damages for decisions they made as employees of the State, such claims are barred by the Eleventh Amendment.

### C. Failure to Exhaust Administrative Remedies

Plaintiff has filed suit concerning prison conditions while in the Department of Corrections. Plaintiff has failed to properly exhaust his administrative remedies as is required prior to filing suit under 42 U.S.C. §1983, his claims are therefore barred by the Prison Litigation Reform Act (42 U.S.C. §1997e(a)) and *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3d 532 (7th Cir. 1999).

### D. Mental or Emotional Damages Barred

No Federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. 1997e(e). Plaintiff has not alleged that he has been physically harmed by Defendants in any way.

### E. Injunctive Relief Barred

The injunctive relief requested by Plaintiff is overbroad rather than narrowly tailored and is barred by the Prison Litigation Reform Act.

WHEREFORE, Defendants, KIMBERLY BUTLER, JACQUELINE LASHBROOK (Official capacity only), and MONICA NIPPE request this Honorable Court enter judgment in their favor and for any other relief this Court deems just and proper.

Respectfully Submitted,

KIMBERLY BUTLER, JACQUELINE LASHBROOK, and MONICA NIPPE,

Defendants,

R. Levi Carwile, #6317375  
Assistant Attorney General  
500 South Second Street  
Springfield, IL 62701  
(217) 557-0261 Phone  
(217) 524-5091 Fax  
Email: rcarwile@atg.state.il.us

LISA MADIGAN, Attorney General  
State of Illinois

Attorney for Defendants,

By: s/ R. Levi Carwile  
    R. Levi Carwile  
    Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JESSE GUTHRIE, #M-29282, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 17-CV-1372-NJR |
| ) | |
| KIMBERLY BUTLER et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2018, the foregoing document, Answer, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the same to be mailed by United States Postal Service, in an envelope, properly addressed and fully prepaid, to the following non-registered participant:

Jesse Guthrie, #M-29282
Menard Correctional Center
Inmate Mail/Parcels
711 Kaskaskia Street
PO Box 1000
Menard, IL  62259

s/ R. Levi Carwile
R. Levi Carwile, #6317375
Assistant Attorney General
General Law Bureau
Office of the Attorney General
500 South Second Street
Springfield, IL  62701
(217) 557-0261 Phone
(217) 524-5091 Fax
rcarwile@atg.state.il.us